CASH *et al. v.* THE TOWN OF DOUGLASVILLE *et al.*

94  557
119  85
119  87

1. In chartering a town or amending its charter, the legislature may give such extent and boundaries to the incorporated territory as it may choose, and all the inhabitants and their property within the corporate limits so fixed are alike subject to taxation to raise municipal revenue for all legitimate purposes, without respect to the time when some of the liabilities arose to which the revenue is to be applied. Thus, binding debts of the corporation contracted before the limits were extended, unless otherwise provided in the new or amended charter, are chargeable upon the territory added, as well as upon that comprehended by the boundaries before they were altered and extended.

2. Inasmuch as the petition, fairly construed, rests the alleged non-liability of the petitioners to taxation upon the theory that they were not legally and constitutionally made citizens of the town of Douglasville, and that theory being incorrect, the court did not err in dismissing the petition; but inasmuch as other questions are loosely indicated by the petition, which, if properly raised, might lead to an adjudication that some of the taxes assessed and sought to be collected are not such as could be enforced against any of the citizens of Douglasville without some preliminary election by the qualified voters and the adoption of some system of public schools by the corporation, direction is given that the judgment dismissing the petition be so modified as to provide that the dismissal is without prejudice to the rights of the petitioners to bring another action setting up the want of power in the municipal government to impose and collect any taxes whatever on account of education, educational facilities, or the cost of the same, past, present or future; this court, however, not intimating any opinion as to whether such power exists or not.        *Judgment affirmed, with direction.*

June 18, 1894. Argued at the last term.

Equitable petition. Before Judge JANES. Douglas superior court. February term, 1893.

The object of the petition was, to enjoin the authorities of the Town of Douglasville from collecting municipal taxes on plaintiffs' property situated in the extension of the limits of that town as provided for by act of August 26, 1891; and to declare that act unconstitutional and void. See Acts 1890–91, vol. 2, p. 701; also Acts 1875, p. 162. The petition was dismissed on de-

murrer. Following is a brief synopsis of the allegations: The town was organized under the act of 1875, and was territorially large in proportion to taxable property and population, necessitating more streets than the street tax could keep in order. Plaintiffs were non-residents, living near by on their lands which were suitable only for farming purposes. The extension of territory under the act of 1891 embraces plaintiffs' farms and residences, and but few others who are tax-payers. It will require opening and extension of streets without corresponding street hands and street tax, with no benefit to plaintiffs, but damaging them by diminishing the value of their lands for farm purposes, and imposing heavy burdens of taxation thereon. When the act of 1891 was introduced, the citizens being opposed thereto, a mass meeting was held, where, after full discussion, a motion to withdraw it from the legislature was unanimously passed, the representative of Douglas county in the legislature being present participating and acquiescing in said action. Under the circumstances, plaintiffs had reason to believe that all was done in good faith and that the bill was abandoned, and rested quietly under such impression, not knowing but that it had been withdrawn by said representative, until after it was passed by the legislature. They had no opportunity to file any objection to its passage, no notice of it having been given by publication or otherwise after said meeting. It is unconstitutional for that reason, and for the further reason that it contains more than one subject-matter, and contains in the body matter not expressed in the title: (1) the incorporation of the town; (2) the organization and appointment of a board of trustees for the Douglasville College. No election was held under it; but after its approval on August 26, 1891, the mayor and other officers of the old corporation held over, claimed to be officers of the new corpora-

tion and acted as such, elected two additional members of council for the extension of territorial limits, declared that they were legally organized under the act in question, assessed municipal tax against plaintiffs and ordered the same to be collected by the town marshal. If the act of incorporation is legal, the tax levy was illegal until organization was effected by an election by the people. Plaintiffs are not citizens of the town, and not liable to be taxed as such. Under the old charter the town incurred a bonded debt of which $3,500 is unpaid. The same was submitted to the then vote of the town; plaintiffs had no voice in it. The town is illegally seeking to tax them to pay off said debt. No public school system has been adopted by the town. No legal tax was due from plaintiffs for educational purposes other than for common schools. The only school in the town is the Douglasville College, a private corporation, where a regular collegiate course of study is pursued, diplomas and degrees are conferred, a regular college faculty matriculated, and each student is charged a matriculation fee of from three to five dollars per term, or six to ten dollars per year. The council did not annually make up and enter upon the journal an accurate estimate of all sums lawfully chargeable for the government of the town, and hence could not lawfully impose a tax; especially could they not impose or collect taxes for college purposes. Section 21 of the act of 1891 is void, and would not, if an election were held, authorize the collection of taxes for any purpose. The bonded debt of the town is illegal as to plaintiffs, if good as to the town under the charter of 1875. The provision of section 795 of the code has never been complied with, nor has the corporation complied with the law as to notice for an election to incur a debt. No street lights or other advantages common to incorporated towns have been offered or proposed for the benefit of citizens in the

added territory, nor any additional school accommodations for the children therein.—By an offered amendment which the court refused to allow, the allegations were amplified and made more distinct, especially as to the want of authority to assess and collect taxes for school purposes.

WILLIAM PHILLIPS, J. M. & J. V. EDGE, T. B. IRWIN and HARRISON & PEEPLES, for plaintiffs. B. G. GRIGGS, J. S. JAMES and W. A. JAMES, for defendants.