## TONEY et al. v. MAYOR AND COUNCIL OF MACON.

1. The existence of prior statutes permitting the enlargement of the boundaries of the City of Macon, with the consent of its city council and of the property owners in the territory proposed to be annexed, does not deprive the General Assembly of the power to compel the annexation without the consent of the persons affected thereby.
2. The act of August 12, 1903 (Acts 1903, p. 579), is not variant from its title.
3. There must necessarily be an interval between the annexation and an election, and the fact that those in the new territory are without representation in council until the next municipal election does not render the act void.
4. Such act is not unconstitutional because persons and property in the newly annexed territory may be subject to taxation for the purpose of paying in part the existing indebtedness of the City of Macon.
5. The obligation to pay such taxes arises from the relation created by legal annexation, and is also usually supported by the equitable consideration that the values in the suburb have been increased by proximity to the existing municipality, and by the further consideration that the newly incorporated inhabitants acquire an interest in the public property purchased with the proceeds of previous bond issues and taxation.
6. There is no attempt by special act to absolutely prohibit the sale of liquor in the new territory, the statute merely preventing the city council from granting licenses for such sale, but leaving undetermined the question as to whether they may be obtained from other sources.
7. Ordinances can not be oppressive or unreasonable, nor can they unfairly discriminate in favor of one class against another.
8. Municipal laws should be general in their operation, but all places in the same city do not necessarily require the same local legislation.

9. There is nothing in the constitution which prevents the General Assembly from making sanitary regulations peculiarly adapted to the newly annexed territory ; and the act of 1903, extending the limits of Macon, could in no event be declared void, as a whole, because the penalty for not making sewer connections in the new territory was by fine and imprisonment, while under existing ordinances in the old limits the punishment was by fine only.

10. In advance of any attempt to exercise controverted powers, this court will not pass upon the validity of separate and independent clauses which, if void, would not interfere with the main purpose of the act to extend the limits of the City of Macon.

11. The act of annexation does not deprive the newly incorporated citizens of the equal protection of the laws, nor is it violative of the constitution of the United States, or of this State, for any of the reasons set out in the petition.

Argued November 2, — Decided November 28, 1903.

Petition for injunction. Before Judge Felton. Bibb superior court. September 29, 1903.

Toney and other citizens residing in the territory which by the act of August 12, 1903, was annexed to the City of Macon, filed an equitable petition seeking to enjoin the Mayor and Council of Macon from taking control of that territory, or from exercising any powers under the act, alleging: (1) that it is void because by previous acts in 1863 and 1900 it had been provided that the boundaries of Macon might be enlarged with the consent of those affected thereby, whereas the act in question enlarged the city without the consent of the citizens and property owners in the new section ; (2) that the act is void under the 14th amendment to the constitution of the United States, in that it places upon them the burden of taxation without representation, they having had no opportunity to vote for mayor and aldermen ; (3) that they are thereby rendered liable for the payment of the present bonded indebtedness of the City of Macon, without having had any voice in its creation, or received any benefit from the same ; (4) that it imposes fine and imprisonment for failure to connect sewers in the annexed territory, whereas in the original city limits the punishment is fine only ; (5) that it discriminates against the petitioners, in that it allows citizens in the original territory to sell liquor, and forever prohibits citizens of the new territory from engaging in the liquor business in said new territory ; (6) that it is in contravention of the constitution of the State of Georgia, in the prohibition against granting liquor licenses, in the imposition of greater penalties for failing to make sewer connections, and in other particulars

which are not mentioned in the brief of counsel for the plaintiffs in error, and which therefore are treated as abandoned, under the practice in this court.    The injunction was refused, and plaintiffs excepted.

*M. G. Bayne* and *Hardeman & Moore*, for plaintiffs.

*Minter Wimberly* and *Dessau, Harris & Harris*, for defendant.

LAMAR, J.    (after stating the foregoing facts.)    1, 2.    The act of April 18, 1863 (Acts 1862–3, p. 189) and the act of December 13, 1900 (Acts 1900, p. 336), permitting contiguous territory to be annexed to the City of Macon with the consent of the mayor and council and those living in the new territory, did not deprive the legislature of its inherent power to enlarge the corporate limits without the consent of those affected thereby.    Civil Code, § 1835; Chancy *v.* Hooser, 9 B. Mon. 330.    Besides, the act repeals all existing laws providing for an extension of the corporate limits. Nor is it variant from its title.    It clearly indicates an intention to amend the charter, and to provide for an extension of the corporate limits.

3.    Nor is the act void because the new territory is made part of two different wards without representation in council until the next election.    In the nature of things there must be an interval between annexation and election.    See *Mayor of Americus* v. *Perry*, 114 *Ga.* 871 (2).

4, 5.    The fact that the City of Macon had already incurred a bonded indebtedness did not prevent the General Assembly from annexing contiguous territory, and making all the inhabitants and property within the new corporate limits alike subject to taxation to raise municipal revenue for all legitimate purposes, without respect to the time when some of the liabilities arose to which the revenue is to be applied.    *Cash* v. *Douglasville*, 94 *Ga.* 557; Wade *v.* Richmond, 18 Grattan, 583; Smith *v.* Saginaw, 81 Mich. 132; Layton *v.* New Orleans, 12 La. An. 515.    The liability of those thus newly included in the municipality arises from the legal relation created by statute, and the benefits of local government obtained.    But it is also usually supported by the equitable consideration that the population and taxable value of the suburb have been increased by proximity to the existing center; and for the further reason that those incorporated therein at once acquire

an interest in all the public property belonging to the city, whether paid for out of previous taxes, with previous bonds which have been satisfied, or with the proceeds of bonds still due.

6. A part of an act may be valid and a part invalid; and the part which is constitutional will not be defeated by that which is unconstitutional, unless it appears that the latter is so connected with the general scope of the statute that, should it be stricken, effect can not be given to the legislative intent. *Elliott* v. *State*, 91 *Ga.* 696. None of the provisions alleged to be void are of a character which, if found to be invalid, would defeat the whole act, unless it be that declaring that the Mayor and Council of Macon "shall never have any power or authority to permit or license the sale of any spirituous, vinous, or malt liquors within said territory, and this proviso shall operate as a contract between the Mayor and Council of the City of Macon and the people of the territory by this act incorporated into said City of Macon, and shall not be subject to repeal." But this proviso does not, as in *Papworth* v. *State*, 103 *Ga.* 36, and in *Bagley* v. *State*, 103 *Ga.* 388, undertake by a special law to prohibit and render unlawful the sale of liquor within the new territory. It puts a perpetual limitation on the power of the municipality to grant licenses. It had no such authority in this territory before the act was passed; it got none by its adoption, and so far as the liquor business is concerned it is as though the statute extending the boundaries had not been passed. The instances would be rare, and on peculiar facts, when it could be successfully contended that a statute was unconstitutional, not for granting, but for failing to grant certain police powers. But it will be time enough to decide as to the effect of this prohibition against the grant of licenses when some one undertakes to sell and is prosecuted therefor. It is sufficient to say that an integral part of the contract of annexation is, that, so far as the Mayor and Council of Macon are concerned, they shall not license or permit such sale. If without their license one can sell domestic wine, or if he can obtain lawful permission so to do from other authorities, the mayor and council will not be responsible, and the contract in the statute contained will not be violated by them. The act seems purposely to refrain from legislation on the subject of liquor, with a view, so far as that can lawfully be done, of preserving the present status.

7—11.  The penalty for failing to make sewer connections is different in the newly annexed territory from that in the old limits of the city.    But it does not necessarily follow that because there is a difference of regulations petitioners are· thereby deprived of the equal protection of the laws.    Ordinances can not be oppressive or unreasonable, nor can they unfairly discriminate in favor of one citizen, or of one class, against another.    Municipal laws "should be general in their operation, but·all places in the same city do not necessarily require the same local legislation." Richmond R. R. *v.* Richmond, 96 U. S. 529.    And if the city council can thus legislate, there is certainly nothing to prevent the General Assembly from making a distinction in regulations peculiarly adapted to the newly annexed territory.    Indeed there are cases which distinctly rule that the new territory may be incorporated with the old on conditions applicable to the former but not to the latter.    *Cash* v. *Douglasville,* 94  *Ga.* 557; United States *v.* Memphis, 97 U. S. 291.

Acts of annexation have frequently  been attacked — though generally without success — on the ground that the new territory consists of farming lands and is sparsely settled; that there is no necessity for municipal government; that the inhabitants are so far removed from the center as to be  deprived of fire and police protection, and receive no benefits in  compensation for the burdens imposed.    See Kelly *v.* Pittsburg, 104 U. S. 78, affirming 85 Pa. St. 170.(s. c. 27 Am. Rep. 633).    There is an utter want of any such attack in this case.    Nor does it appear that the petitioners propose to engage in the sale of liquor, or that they own property which will require the sewer connections complained of.    *Reid* v. *Eatonton,* 80  *Ga.* 755 ; *Blanton* v. *Merry,* 116 ·*Ga.* 288.

No reason has been shown why the act of the legislature annexing this territory should be declared void as a whole, nor why the City of Macon should be enjoined from exercising the powers therein conferred for the purpose of giving to the citizens of the new territory the benefits of local government and of police and sanitary regulations.

*Judgment affirmed.    All the Justices concur.*