WHITE *et al. v.* CITY OF ATLANTA *et al.*

1. The question of preliminary advertisement of a local bill is for determination by the General Assembly before its passage. *Burge* v. *Mangum,* 134 *Ga.* 307 (67 S. E. 857).

2. The law embodied in the Political Code, § 683 et seq., is not such a general law in regard to the incorporation of cities as to render it unconstitutional for the legislature, which had previously chartered a city, to amend such charter so as to extend the corporate limits. *Benning* v. *Smith,* 108 *Ga.* 259 (33 S. E. 823).

3. The act of August 14, 1909 (Acts 1909, p. 534), providing for the extension of the municipal limits of Atlanta, is not unconstitutional on the ground that it contains matter not covered by the caption, or because it does not set out or describe the act to be amended. *Town of Poulan* v. *Atlantic Coast Line R. Co.,* 123 *Ga.* 605 (51 S. E. 657); *Mayor etc. of Macon* v. *Hughes,* 110 *Ga.* 795 (36 S. E. 247).

4. Such act is not unconstitutional as a whole, or as to the extension of the municipal limits, on the ground that it contains more than one subject-matter. *Smith* v. *Mayor and Council of Macon,* 129 *Ga.* 227 (58 S. E. 713); *Mayor and Council of Americus* v. *Perry,* 114 *Ga.* 871 (40 S. E. 1004, 57 S. E. 230); *Stapleton* v. *Perry,* 117 *Ga.* 561 (43 S. E. 996).

5. While the legislature may provide for an election to determine whether unincorporated territory contiguous to a municipal corporation shall be annexed thereto and the corporate limits extended so as to include such territory, they are not obliged to do so, but may extend the limits without the consent of those residing or owning property in the added territory. *Toney* v. *Macon,* 119 *Ga.* 83 (46 S. E. 80).

6. Where the legislature amends the charter of a municipality so as to extend its corporate limits and include therein contiguous territory previously unincorporated, all the inhabitants and their property within the limits so fixed are subject to taxation to raise municipal revenue for all legitimate purposes, without respect to the time when some of the liabilities arose.

7. Under such circumstances, unless otherwise provided by law, debts of the corporation contracted before the limits were extended are chargeable upon the city as enlarged by the territory added, as well as upon that included in the boundaries before they were extended.

8. Such a provision in the act extending the limits is not unconstitutional on the ground that it is retroactive or retrospective as to the municipal indebtedness already incurred (Civil Code, § 5730); nor on the ground that this would amount to binding the new inhabitants by a previously incurred debt without their having voted to incur it (Civil Code, § 5893).

9. The charters of Oakland City and Battle Hill were repealed by separate acts (Acts 1909, p. 1201; Acts 1908, p. 407), and they were taken into the extended limits of the City of Atlanta. It is denied in the answer that there was any bonded indebtedness of those municipalities, or that the City of Atlanta assumed any such; and it was alleged that there were only a comparatively small amount of outstanding liabilities on the part of Oakland City, to counterbalance which there was a greater amount

of municipal assets. *Held,* that in becoming incorporated as a part of the City of Atlanta, in the absence of any contrary provision, such public assets and liabilities both passed to that city.

10. The act of 1909 is not unconstitutional on the ground' that it seeks to loan the credit of Atlanta to Oakland City (Civil Code, § 5891) ; or that ·it causes the incurring of ·a new debt without a vote (Civil Code, §§ 5893, 5897) ; or that it will cause a tax in the City of Atlanta to pay the debt of Oakland City.

11. The act above mentioned is not unconstitutional on the ground that the inhabitants of the added territory will be taxed for the support of' the public schools of Atlanta, as to the establishment of which they had no vote.

12. If there be some special provisions of the act of 1909 which are unconstitutional, they are not such integral parts of it as to render the whole invalid. Nor is it necessary to pass upon them until some person affected by them shall seek appropriate relief in regard thereto. They furnish no ground to declare the extension of the limits of the City of Atlanta illegal for the reasons urged against it in the present suit, or to authorize an injunction against the inclusion of the territory where the plaintiffs reside or hold property.

13. If there be an inaccuracy in stating the corporate name of a railroad company whose right of way forms for a short distance one boundary of the extended limits, but which is so named as to be readily recognized and located, as averred in the sworn statements of the answer, this furnishes no ground for declaring the entire act void or for granting an injunction.

MAY 11, 1910.

Petition for injunction. Before Judge Ellis. Fulton superior court. January 6, 1910.

*Robert L. Rodgers* and *J. D. Kilpatrick,* for plaintiffs.

*James L. Mayson* and *William D. Ellis Jr.,* for defendants.

LUMPKIN, J. By the act of August 14, 1909 (Acts 1909, p. 534), the corporate limits of the City of Atlanta were extended. Some of the residents and taxpayers of the territory which had previously been outside of the corporate limits, and which by the act was included therein, filed an equitable petition to enjoin the city and its officers from putting the act into effect so as to include such new territory. The injunction was denied. Numerous grounds of objection were raised. Most of them are controlled by decisions of this court heretofore rendered, and require no discussion beyond the rulings made in the headnotes.

It was contended that the act was unconstitutional on the ground that it contained matter different from and not included in its title (Civil Code, § 5771). An inspection of the act shows that its cap-

tion covers four pages and a fraction of printed matter, referring
to the amendment of the city charter by extending the corporate
limits, the extending of jurisdiction over the new territory, the re-
districting of the city so as to include the additional territory in
the different wards, the authorizing of the making of such changes
and the passing of such ordinances as might be necessary or advis-
able in readjusting the city limits as extended (which are described
at length), and terminating with the cabalistic words "and for
other purposes." The body of the act covers somewhat more than
seven pages. So that it will appear that the caption not only covers
the act legally, but to a considerable extent is sufficient to cover it
physically, applied by the rule of square measure. If subject to
criticism at all, it would be rather for plethora than minimization.

The legislature has the power to extend the corporate limits of
a city. In doing so they may provide for the holding of an election
to determine whether or. not the extension shall be made, but they
are not compelled to do so. Beyond the publication required by
the constitution to be made before the introduction or passage of a
local act, there is no requirement for giving notice or obtaining the
consent of persons residing in the unincorporated territory which is
to be added to the city. When included within the city by legisla-
tive enactment, they take the advantages of being residents or tax-
payers of the municipality, and they become subject to the corre-
sponding proportionate burden, in the absence of lawful provision
to the contrary. Receiving such benefits as may arise to residents
of a city in connection with police protection, lighting, water, sew-
ers, or the like, there is no injustice in requiring that they should
share with other residents or taxpayers of the city in proportion-
ately carrying the municipal burdens. Nor is it in violation of the
constitutional provisions against the incurring of debts by counties
or municipalities except by an election held for that purpose, that
the new residents become an integral part of the municipality, and
as such may be subject to taxation to assist in paying debts already
incurred. By way of illustration, suppose a system of waterworks
had been established by means of the issuance of bonds, and res-
idents of the added district were allowed, as the pipes could be ex-
tended, to make water connections therefrom to their property, cer-
tainly they ought not to be allowed to receive the benefits of the
established system without assisting in the discharge of the burden

entailed by it. To endeavor to keep separate accounts for different portions of a city might create great confusion. While to a certain extent the legislature may make distinctive provisions legitimate in connection with adding the new territory to the city, an effort to make permanent discriminatory provisions as to different parts of a municipality would be more likely to raise constitutional questions than to allay them. We need not discuss the extent to which the legislature may go in that direction. What we now hold is that the inhabitants in the newly added territory have not raised any valid constitutional objection to the act on the ground that the new inhabitants of the city and their property will be proportionately subject to taxation to meet the liabilities already existing. *Cash* v. *Town of Douglasville,* 94 *Ga.* 557 (20 S. E. 438) ; *Toney* v. *Mayor and Council of Macon,* 119 *Ga.* 83 (46 S. E. 80) ; 1 Dill. Mun. Corp. (4th ed.) § 185 ; Wade *v.* City of Richmond, 59 Va. (18 Gratt.) 583 ; Washburn *v.* City of Oshkosh, 60 Wis. 453 (19 N. W. 364 ; Cheaney *v.* Hooser, 48 Ky. (9 B. Mon.) 330 ; 28 Cyc. 184, 185, 220 (G), 221, 222.

The repeal of the charters of Battle Hill and Oakland City, which corporations were situated just outside the limits of Atlanta, and including those places in the extended limits of the last named city, furnished no ground for objection on the part of residents of certain other territory which was also included in the extended limits. Nor did it render the act unconstitutional that Oakland City had certain public property and owed a small amount of floating indebtedness, and that the legislature provided that these should be taken over by the City of Atlanta as enlarged. Mount Pleasant *v.* Beckwith, 100 U. S. 514 (25 L. ed. 699).

That there are some unusual features of the act of 1909 must be conceded. Several of its provisions are vigorously attacked by the plaintiffs in the present case, such as the making of a legislative provision in regard to a single police officer in Oakland City, and exempting him from certain requirements applicable generally to the police force of Atlanta, of which he becomes a part, a provision restricting the jurisdiction of justices of the peace in the newly acquired territory by a rule different from that applicable, under the general law, to justices within the original limits ; and certain provisions in regard to the election of aldermen and councilmen. The time for holding the election has long passed, and this is not a pro-

ceeding either to prevent the election or to test it. We do not deem it necessary to pass upon the validity of these points raised by the plaintiffs. If any of the provisions of the act complained of are invalid or unconstitutional, they do not form such an essential part of the entire act as to render it all void. If any one or more of them should be held invalid, they could be eliminated and the act still left to stand as a whole. They furnish no reason for declaring the entire act void and granting an injunction, so that the plaintiffs may remain outside the city.

None of the other grounds of attack were such as to require a holding that the judge erred in refusing the injunction sought.

*Judgment affirmed. All the Justices concur.*