## DAVIDSON *et al. v.* TOWN OF KIRKWOOD *et al.*

1. The act of 1921 (Acts 1921, p. 676), to amend an act to establish a new charter for the City of Atlanta so as to include within the territory of Atlanta the territory now known as the Town of Kirkwood, is not violative of art. 3, sec. 7, par. 8, of the constitution of the State (Civil Code of 1910, § 6437), which provides that "No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof."

2. Nor is the act of 1921 (supra) obnoxious to art. 7, sec. 10, of the constitution of the State (Civil Code of 1910, § 6567), which provides that "Municipal corporations shall not incur any debt until provision therefor shall have been made by the municipal government." Nor is the above act violative of art. 7, sec. 7, par. 1, of the constitution of the State (Civil Code of 1910, § 6563), as amended (Acts 1918, p. 99), which provides that municipal corporations shall not incur any debt without the assent of two thirds of the qualified voters of the municipality, voting, etc.

3. The act of 1921 (supra) is not violative of art. 1, sec. 3, par. 2, of the constitution of the State (Civil Code of 1910, § 6389), and of the constitution of the United States (§ 6652), which provides that no law impairing the obligation of contracts shall be passed.

4. The court did not err in refusing an injunction.

No. 2860. DECEMBER 13, 1921.

Petition for injunction. Before Judge Hutcheson. DeKalb superior court. September 28, 1921.

R. J. Davidson, Robinson-Humphrey Co., and Lawrence Tompkins filed a petition against the Town of Kirkwood, the mayor and councilmen of that town, and O. Ray, clerk and treasurer of

the town, to enjoin them from holding an election which had been called for September 28, 1921; and by amendment they prayed that if any election 'should be held under an act of the legislature passed in 1921, amending the charter of the City of Atlanta so as to extend the city limits to take in the territory included in the limits of the Town of Kirkwood, and providing for a referendum ,vote of the Town of Kirkwood to determine whether the act should go into effect, the defendants be enjoined from recognizing the validity of such election, and from turning over to the City of Atlanta, or to any officer or agent of the city, any money, property, records, books, papers, or documents of any character, now or heretofore belonging to the Town of Kirkwood, in the possession, custody, or control of the defendants or any of them. Davidson alleged that he was a citizen and taxpayer of the Town of Kirkwood; the other petitioners alleged that they were owners of certain bonds of the Town of Kirkwood. They alleged that the Town of Kirkwood was preparing to come within the terms of an act of the legislature approved August 10, 1921, amending an act to establish a new charter for the City of Atlanta so as to take in the territory now included within what is known as the limits of Kirkwood, etc. The act provided for an election to be held on Wednesday, September 28, 1921, for the purpose of having a referendum vote by the voters of the Town of Kirkwood, to determine whether or not the provisions of the act referred to should be accepted by the Town of Kirkwood, and that town annexed to the City of Atlanta. It was alleged, that the ballots would have to be printed, election clerks would have to be employed, and ex- 'penses would be entailed upon the Town of Kirkwood, the same to be paid out of funds derived from taxation therein; and that the election, if held, will be illegal and can not in any event result in abolishing the Town of Kirkwood and consolidating the territory included within its limits with the City of Atlanta, for the reasons: First, that the Town of Kirkwood now exists under a charter granted by an act of the legislature of the State of Georgia, approved August 16, 1920 (Acts 1920, p. 1023 et seq.), and no act of the legislature has been passed repealing that act; and no matter what the result of the election might be, the Town of Kirkwood would still exist and the charter thereof would not be repealed or revoked; and that the only act which has been

passed which attempted to revoke the charter of the town is the act approved August 10, 1921, entitled " An act to repeal an act to incorporate the Town of Kirkwood in DeKalb County, Georgia, and to create and establish a new charter and municipal government for said town," etc. Second, that the above-recited act is unconstitutional as being in violation of art. 3, sec. 7, par. 8, of the constitution of the State of Georgia, which provides that no law shall pass which refers to more than one subject-matter or contains matter different from that expressed in the title; that the title provides for the result of the election to be decided " by a majority of the qualified voters of the town," and in the body of the act it is provided that the election shall be determined " by a majority of the qualified voters voting in the election." Third, that the act is unconstitutional, because the Town of Kirkwood has bonds outstanding in the sum of $139,500, and a floating debt of approximately $30,000, and no provision is made in the act for the payment of this indebtedness; and that the City of Atlanta could not legally assume this indebtedness without a vote of the qualified voters, under art. 7, sec. 10, of the constitution of the State of Georgia. Fourth, that the act of 1921 is void as being violative of art. 7, sec. 7, par. 1, of the constitution of the State, because the property within the limits of the Town of Kirkwood is to be made subject to the bonds heretofore issued by the City of Atlanta, and this would increase the liability of the property within the limits of the Town of Kirkwood to over seven per cent., for the reason that the indebtedness now outstanding is approximately 6.1 per cent., and the added indebtedness of the City of Atlanta would exceed the constitutional limitation. Fifth, that the act of 1921 is void, because it is uncertain and indefinite in that it provides that it shall not go into effect unless a majority of the voting qualified voters of the Town of Kirkwood vote for annexation, but that if more than a majority of the qualified voters voting in this election vote against annexation the act shall not go into effect: in one place it is provided the act shall not become operative unless a majority of the qualified voters vote on that side, and in another place it is provided that it shall not go into effect unless more than a majority of the qualified voters vote on that side. Sixth, that the act is void, because in the third section thereof it is provided that an election shall be held by

the regular election managers as now provided by the ordinances of the Town of Kirkwood, or, if they fail to hold the election, then any three citizens who are property owners shall hold the election in lieu of the regular election managers.

The petition was amended by adding an allegation to the effect that the City of Atlanta could not, without a vote as provided for in art. 7, sec. 7, par. 1, of the constitution of the State, become legally bound for the payment of the debts of the Town of Kirkwood.

The Town of Kirkwood and J. R. Bachman, one of the councilmen, filed answers to the petition. Bachman also filed a demurrer; and the answer and the demurrer were adopted in an intervention filed by a large number of the people of the Town of Kirkwood. The court denied the injunction prayed for, but granted a supersedeas. To this judgment the plaintiffs excepted.

*Branch & Howard,* for plaintiffs.

*R. F. Gilliam, Hooper Alexander, Mayson & Johnson,* and *Etheridge, Sams & Etheridge,* for defendants.

HILL, J. (After stating the foregoing facts.)

1. Exception is taken to the order of the court denying the injunction in this case, as being contrary to law, for the reasons set forth in the petition and the amendments thereto. And the first assignment of error which it is deemed necessary to consider is that assailing the act of August 10, 1921 (Acts 1921, p. 676), to amend an act to establish a new charter for the City of Atlanta so as to include within that city the territory now known as the Town of Kirkwood, etc. It is insisted that the act is void, because violative of art. 3, sec. 7, par. 8, of the constitution of Georgia (Civil Code of 1910, § 6437), which provides that no law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof; that the title to the act of 1921 provides "for a referendum vote of the qualified voters of the Town of Kirkwood, wherein such voters, by a majority vote at an election called as herein prescribed, shall vote for or against the annexation of the Town of Kirkwood to the City of Atlanta, and further provides that if a majority of such qualified voters vote against such annexation this act shall not go into effect; but if such majority is in favor of such annexation, then this act shall go into effect," etc., but in the body of the act it is provided: "If a majority of

the qualified voters of the Town of Kirkwood, voting in said election, shall vote for annexation, then the provisions of this act shall become effective and be of force on January 1, 1922. But if more than a majority of the qualified voters of the Town of Kirkwood, voting in said election, shall vote against said annexation, then the provisions of this act shall cease and thereafter be of no effect," etc.

We are of the·opinion that when the entire caption is considered, and effect given to it as a whole, the portion of the body of the act quoted above is not in conflict with the caption, nor does it contain matter so materially at variance with it as to invalidate the act and render it obnoxious to art. 3, sec. 7, par. 8, of the constitution of the State. The main purpose of the act of 1921 was to amend the charter of the City of Atlanta so as to extend its territorial limits and to include the territory embraced within the Town of Kirkwood within the City of Atlanta, and to submit the matter of annexation to an election or referendum vote of the voters of Kirkwood. The details as to the election and the manner in which it should be held and how the result should be declared, as contained in the act, are germane to and grow out of the main purpose of the act; and therefore it is not obnoxious to the provision of the constitution alleged to be offended. *Caldwell* v. *Barrett,* 73 *Ga.* 604. And see *White* v. *Atlanta,* 134 *Ga.* 532 (3), 534 (68 S. E. 103).

2. The act of 1921 (Acts 1921, p. 676), amending the charter of the City of Atlanta so as to include the Town of Kirkwood within the territory of the City of Atlanta, etc., is attacked as being in violation of art. 7, sec. 10, of the constitution of the State of Georgia, which provides that " Municipal corporations shall not incur any debt until provision therefor shall have been made by the municipal government;" and it is alleged in the petition, " on information and belief," that the City of Atlanta has made no provision for the incurring of any of the indebtedness of the Town of Kirkwood, which is stated as amounting to $139,500 of bonded indebtedness and a floating indebtedness of approximately $30,000; that the City of Atlanta has not by any legal action agreed to assume such indebtedness; that the City of Atlanta can not assume such indebtedness of the Town of Kirkwood without a vote of the qualified voters of the City of At-

lanta, as provided in art. 7, sec. 7, par. 1, of the constitution of the State, as amended (Acts 1918, p. 99) ; and that to make the property within the limits of the Town of Kirkwood subject to the bonds heretofore issued by the City of Atlanta would increase the liability of the property within the limits of the Town of Kirkwood to over seven per cent., for that the indebtedness now outstanding is approximately 6.1 per cent., and the added indebtedness of the City of Atlanta would exceed the constitutional limit, etc.

The main question in the case is whether the City of Atlanta will, under the act of 1921 and the facts of the case, be liable for the bonded indebtedness of the Town of Kirkwood, in case the election to be held under the act is in favor of annexation; and whether or not the election is illegal on the ground that the City of Atlanta is creating " a new debt" without the assent of the people, as provided in art. 7, sec. 7, par. 1, of the constitution. The election to be held is not one having for its purpose the issuance of bonds, but to determine whether, and when, the act to extend the limits of the City of Atlanta shall go into effect, with all the consequences incident to such a proceeding. The above constitutional provision does not apply where a municipality is seeking merely to extend its limits. The legislature has the power to extend the corporate limits of a city, and it may do so without the consent of those residing or owning property in the territory to be annexed. *White* v. *Atlanta,* 134 *Ga.* 532 (5), supra. The legislature may provide also when the act shall go into effect, by providing for an election to be held for that purpose. But the legislature is not compelled to provide for an election for that purpose. *White* v. *Atlanta,* supra. A new debt is not created by the act or the election held thereunder. It is an old debt incurred, presumably according to law, by the Town of Kirkwood; and the burden is placed upon the City of Atlanta of paying such debt as may be owing by the Town of Kirkwood in the new territory annexed to Atlanta. In such circumstances a new debt is not incurred in violation of art. 7, sec. 7, par. 1, of the constitution. *White* v. *Atlanta,* 134 *Ga.* 532 (10), supra.

3. The act of 1921 (supra) is also attacked as being in violation of art. 1, sec. 3, par. 2, of the constitution of the State of Georgia, which provides that " No bill of attainder, ex post facto

law, retroactive law, or law impairing the obligation of contracts, or making irrevocable grants of special privileges or immunities, shall be passed." And also as being obnoxious to art. 1, sec. 10, par. 1, of the constitution of the United States, which declares that "No State shall . . pass any bill of attainder, ex post facto law, or law impairing the obligation of contracts." It is alleged in the petition, and argued here, that the result of the act of 1921, if put into effect, would be to impair the obligation of the contracts in the shape of certain bonds held by certain of the plaintiffs against the Town of Kirkwood. This question is raised by the bondholders. But we are of the opinion that the act under review does not impair the obligation of the contracts. The City of Atlanta becomes, by operation of law, liable for this bonded indebtedness; and there is no allegation or proof to the effect that by incurring this new obligation, or otherwise, the City of Atlanta is insolvent, or is exceeding the limit of her bonded debt as authorized by the constitution. There is no impairment of the rights of the bondholders, whose remedy is against the City of Atlanta, where formerly it was against the Town of Kirkwood. *White* v. *Atlanta,* supra; Mount Pleasant *v.* Beckwith, 100 U. S. 514 (25 L. ed. 699) ; 1 Dill. Mun. Cor. (5th ed) 617, § 355; 28 Cyc. 184, 185, 220 (G).

4. The other grounds of exception are not sufficient to authorize us to hold that the court below erred in denying the injunction prayed for.

*Judgment affirmed. All the Justices concur.*