

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable C. J. Wilde
County Auditor
Nueces County
Corpus Christi, Texas

Dear Sir:

Opinion No. 0-6336
Re: Whether persons living
within territory recently an-
nexed to the City of Corpus
Christi are entitled to Home-
stead Exemption provided for
in Article VIII, Section 1-a,
of the Constitution of Texas.

We have received and considered your request
for opinion dated December 18, 1944. The facts appear
as follows:

On December 21, 1944, there was held an elec-
tion in that portion of Nueces County adjoining the City
of Corpus Christi, known as the Nueces County Water Im-
provement District Number 1, for the purpose of deter-
mining whether said District should become part of the
City. We assume, for the purposes of this opinion, that
this election was conducted in the manner required by
law, and that the proceedings are in all things regular.
This election carried in favor of annexation, and we as-
sume that the City Council has received the same as a
part of the City in the manner required by Article I,
Section 2 of the Charter of the City of Corpus Christi,
as amended.

Prior to this time, the residents of said
District were receiving the homestead exemption pro-
vided for in Article VIII, Section 1-a of the Consti-
tution of Texas. This Department held, in Opinion No.
0-1132, that:

"The area within the limits of the City
of Corpus Christi is not entitled to such ex-
emption during the life of the grant made by
Chapter 138, page 290, General Laws, 37th
Legislature."

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable C. J. Wilde - page 2

You wish to be advised whether the persons living within this recently annexed territory are now entitled to the homestead exemption provided for in the section of the Constitution of Texas above referred to.

Chapter 138, page 270, General Laws, 37th Legislature, provides, in part:

"That for a period of twenty-five years commencing with the fiscal year, beginning September 1, 1921, there be and hereby are donated and granted by the State of Texas, to the City of Corpus Christi the net amounts of all State ad valorem taxes collected upon the property and from persons in counties of Jim Wells, Jim Hogg, Brooks, Kleberg, Willacy, and Duval and all the net amounts of all State ad valorem taxes collected upon the property and from persons in the County of Nueces not heretofore donated to the City of Corpus Christi by Act of the Thirty-fifth Legislature of the State of Texas known as House Bill No. 694, including such State ad valorem taxes as may be due said counties on the railroading stock belonging to railroad companies which shall be ascertained and apportioned to said counties as now provided by law."

Article VIII, Section 1-a, of the Constitution of Texas, adopted in 1933, reads as follows:

"Three Thousand Dollars ($3,000.00) of the assessed taxable value of all residence homesteads as now defined by law shall be exempt from all taxation for all State purposes; provided that this exemption shall not be applicable to that portion of the State ad valorem taxes levied for State purposes remitted within those counties or other political subdivisions now receiving any remission of State taxes, until the expiration of such period of remission . . ." (Emphasis added)

From the express wording of this Constitutional Amendment it is apparent that a county or other political subdivision is not to be deprived of the homestead exemption unless, at the time of the adoption of said Amendment, i.e., August 26, 1933, such county or political subdivision was receiving a remission of State taxes. The City of

Corpus Christi was so receiving a remission of taxes at the
time of the adoption of this Amendment, and on the basis of
that fact this Department ruled, in Opinion No. O-1132, that
the area within the limits of the city was not entitled to
the exemption.

The power or authority of the City of Corpus Christi
to change its boundaries cannot be questioned. See 30 Tex.
Jur. 72, Section 30, where this rule is set forth:

"The home rule amendment and the enabling act
transferred to the specified cities, through the
agency of their qualified voters, the same power
which the Legislature had theretofore possessed
to change territorial boundaries through the
amendment or adoption of their charters. The
statute (Article 1175, Sec. 2, V.A.C.S.) enumera-
ting certain powers of home rule cities gives them
authority to fix municipal boundary lines and the
annexation of additional territory lying adjacent
to the city, 'according to such rules as may be
provided by said charter'. This provision super-
sedes the article of the statutes governing an-
nexations by cities generally, insofar as cities
which have adopted or amended their charters
under the home rule amendment are concerned."

The charter of the City of Corpus Christi (Special
Laws, 31st Legislature, Regular Session, Chapter 33, page 304,
as amended April 30, 1926, and November 18, 1939) provides,
Article I, Section 2:

". . . Any territory admitted into the City
shall bear its proportionate part of all taxes
levied by the City and its inhabitants shall
have all the privileges and be subject to all
the duties of other inhabitants of the City."

Article II, Section 2, of said charter provides:

". . . In addition to the powers herein
otherwise granted, the City shall have all powers
enumerated in Article 1175, Revised Statutes of
Texas, 1925, as heretofore amended, as though
such statute were set forth herein."

Honorable C. J. Wilde - page 4

Section 2 of Article 1175, R.S. provides that the cities governed thereby shall have, among other powers:

"The power to fix the boundary limits of said city, to provide for the extension of said boundary limits and the annexation of additional territory adjacent to said city, according to such rules as may be provided by said charter."

The provisions of Section 2 of Article 1175, and of Article I, Section 2 of the Charter of the City of Corpus Christi, require that, in addition to having all privileges of inhabitants of the city, the inhabitants of territory annexed shall be subject to all the duties of other inhabitants of the City. Included in those duties is the duty to pay State ad valorem taxes on the value of the residence homestead without any exemption.

This is in conformity with the general rule of law that the merger effected by annexation is complete. In the absence of some legislative or charter restriction, annexation makes the new territory a part of the City for all purposes; the annexed territory loses all identity it may have had separate and apart from the city to which it is attached. 30 Tex. Jur. 80, Sec. 36; Madrey v. Cox, 73 Tex. 538, 11 SW 541.

At page 862 of Volume I, McQuillin, Municipal Corporations, (2d Edition, Section 311, it is said:

" . . . Existing debts of the corporation contracted before the limits were extended, unless otherwise provided by law, are chargeable upon the added territory as well as that comprehended by the boundaries before they were altered or extended."

The liability of owners of property in territory newly included within a municipal corporation to pay taxes for the purpose of paying pre-existing indebtedness of the corporation arises from the benefits of local government obtained, and is usually supported by the equitable consideration that the population and taxable value of the property has been increased by proximity to the municipality; and by reason that the persons so brought in at once acquire an interest in all the public property belonging to the municipality, whether paid for out of previous taxes with previous bonds which have been satisfied or with the proceeds

Honorable C. J. Wilde - page 5

of bonds still due. Toney v. Macon, 119 Ga. 83, 46 SE 80.

Therefore, the merger of the annexed territory with the City of Corpus Christi is complete, and such territory is now a part of that political subdivision which was receiving a remission at the time of the adoption of Section 1-a of Article VIII of the Constitution, and comes within the exception to the exemption contained therein.

In addition to the reasons above stated, we feel that the property owners in the annexed territory have lost the right to the exemption by reason of having waived it. This territory was admitted to the City of Corpus Christi upon an election. Under these circumstances, the inhabitants of the annexed territory voluntarily assumed the obligations of citizens of Corpus Christi, one of which is the obligation to pay State ad valorem taxes on the value of a residence homestead without any exemption.

Trusting that the foregoing fully answers your inquiry, we are,

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Arthur L. Moller*
Arthur L. Moller
Assistant

AIM:ddt

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN