### 25058. HOLLOWAY et al. v. MAYOR &c. OF THE TOWN OF WHITESBURG et al.

NICHOLS, Justice. This case arose by the appellants seeking an injunction in the Superior Court of Carroll County against the Town of Whitesburg exercising rights granted it under Section I of an Act passed at the 1968 session of the General Assembly. They further sought to enjoin the town from exercising municipal rights in the area annexed to it by Section II of said Act. Appellants also attacked the constitutionality of an Act of 1964 (Ga. L. 1964, p. 170; *Code Ann.* § 69-1601) and prayed that the court declare the same unconstitutional.

The trial court held that Section I of the Act is unconstitutional, enjoined the municipal officers elected under its provisions from taking any office, and enjoined the town from holding any further elections pursuant to the provisions of the Act. The trial judge refused to rule that Section II of the Act, which extended the corporate limits of Whitesburg, is unconstitutional, and denied the injunctive relief sought.

Appellants appealed the trial court's judgment refusing to hold Section II of the Act unconstitutional. A cross appeal was filed in this case, but later withdrawn and abandoned. *Held:*

1. The third enumeration of error complains and asserts that Act No. 619, approved March 3, 1964 (Ga. L. 1964, p. 170, *Code Ann.* § 69-1601) is unconstitutional and void as being violative of Art. I, Sec. I, Par. XXIII of the Constitution of the State of Georgia of 1945 for the reason that said Act is a legislative construction of the meaning of words and constitutes an exercise of the function of the judicial division of the government, is a legislative restriction of the judiciary, and that the trial court erred in refusing to so rule.

It has been recognized from time immemorial that the General Assembly has authority to designate municipal corporations as "towns" or as "cities," and that once so designated they would so remain until a later enactment by the General Assembly placed such municipal corporations in one or the other category. See *Savannah, Fla. &c. R. Co. v. Jordan,* 113 Ga. 687 (1) (39 SE 511). If the General Assembly is authorized to so designate a municipal corporation as a "city" or "town" it cannot be said that the General Assembly is without authority to abolish such distinctions for statutory purposes and declare that when municipal corporations are

referred to either as "town" or as "city" in an Act of the General Assembly, such language or designation shall be deemed synonymous. This enumeration of error is without merit.

2. In view of the holding in Division 1 of this opinion the first enumeration of error which complains of the use of the term "city" and "town" interchangeably is obviously without merit.

3. The second enumeration of error complains that the Act does not contain a certification by the publisher of the newspaper, or the author of the bill, to the effect that said notice of intent to introduce such local legislation was published as required by the Constitution. The enrolled Act, a copy of which is attached as an exhibit to the petition, shows that William J. Wiggins was one of the authors and that he executed an affidavit showing the necessary publication. This enumeration of error is without merit.

4. The fourth enumeration of error complains of the trial court's failure to declare Section II of Act No. 748, approved March 20, 1968 (Ga. L. 1968, p. 2311), void and unconstitutional in that said section is violative of Art. I, Sec. I, Par. III, and Art. I, Sec. I, Par. XXV of the Constitution of the State of Georgia of 1945, and the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States, in that said section annexes the plaintiffs and their properties to a town and impresses upon them a form of municipal government not of their choice, and without the right of plaintiffs to vote upon the question of annexation. It is also contended that such Act is a denial of plaintiffs' right to vote upon and have a voice in the extension of the corporate limits of the Town of Whitesburg, impresses upon them a municipal government and subjects plaintiffs and their properties to taxation, zoning and other regulatory powers granted to municipalities in violation of the due process clause of Art. I, Sec. I, Par. III of the Constitution of Georgia of 1945, and the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States, and is in violation of the one-man, one-vote requirements, as laid down by the U. S. Supreme Court under such amendments.

As conceded by appellants in their brief, it has long been the law of this State that the General Assembly has the authority to designate the corporate limits of municipalities without

submitting the same to a vote of the electors in such area. *Toney v. Mayor &c. of Macon,* 119 Ga. 83 (46 SE 80); *Mayor &c. of Americus v. Perry,* 114 Ga. 871 (2) (40 SE 1004, 57 LRA 230); *Jamison v. City of Atlanta,* 225 Ga. 51 (165 SE2d 647). The cases exemplified by Reynolds v. Sims, 377 U. S. 533 (84 SC 1362, 12 LE2d 506), and relied upon by the appellants to uphold the contention that such annexation without a vote of the residents of the affected area is not valid, are not in point. This enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 10, 1969—DECIDED FEBRUARY 20, 1969.

*Henry N. Payton, Sanders, Mottola, Haugen & Wood, Charles Van S. Mottola,* for appellants.

*David Tisinger,* for appellees.