## WHITEHURST *et al.* v. JONES *et al.*

1. Every citizen of a town has an interest in its municipal offices which will support a quo warranto proceeding to test the right of incumbents thereof.
2. A bare allegation that an act of incorporation " is inoperative, null and void," in that one section thereof is contradictory of another, and therefore "the will of the legislature can not be ascertained," is not sufficiently specific to present any question of law or of fact.

3. In the event the defendant named in a petition praying the issuing of a writ of quo warranto against him desires to contest the allegations of fact upon which such petition is based, it is essential that he should in his answer make a positive denial thereof under oath.

4. The answer filed in the present case was sufficiently verified, and was not subject to the objection that it failed to set up a statement of facts which met the issues raised by the plaintiffs' petition.

;*Submitted June 1,—Decided June 26, 1903.*

Quo warranto.   Before Judge Roberts.   Twiggs superior court. February 12, 1903.

*Henry Bunn Wimberly,* for plaintiffs.

SIMMONS, C. J.   The plaintiffs in error, W. M. Whitehurst, J. L. Wimberly, and H. B. Wimberly, as " residents and citizens of the town of Jeffersonville," in this State, applied for a writ of quo warranto, to be directed to certain named persons who were assuming to act as the mayor and councilmen of that town, calling upon them to show by what authority they held office.   The case made by the plaintiffs' petition was substantially as follows :   The town of Jeffersonville was incorporated by an act of the General Assembly approved November 29, 1901. ' (See Acts of 1901, p. 461.)   Agreeably to its provisions, T. S. Jones and others undertook to discharge the duties imposed, respectively,. upon the mayor and councilmen for the term prescribed in that act, which also provided that an election should be held on the first Wednesday in January, 1903, for the purpose of choosing their successors.   Such an election was duly held at the appointed time, Jones being the only candidate for mayor, but there being seven aspirants for the offices of councilmen, which were five in number.   The managers of the election declared its result to be in favor of Jones, the sole candidate for mayor, and in favor of the five candidates for councilmen who had received the highest number of votes cast.   One of these successful candidates was J. P. Califf, who was ineligible to hold office, for the reason that he had not been a resident of Jeffersonville for one year next preceding the election, a qualification for office essential under the act of 1901.   Notwithstanding this disqualification, the managers, over the protest of the plaintiffs, issued to Califf a certificate of election, and he entered upon, and is still exercising, the privileges and duties appertaining to the office to which he was thus declared entitled.   If any one is entitled to hold this office, it should

be given to W. M. Whitehurst, one of the plaintiffs, "because he is the next qualified person who received the next highest number of votes for said office of councilman," having been one of the seven candidates above referred to.　Moreover (as plaintiffs contend and believe) neither Jones nor any other member of the town council can assert any legal right "to exercise and perform any of the duties of the offices to which they were, respectively, elected," their claims as office-holders being "unfounded and without any authority of law, for the reason that the act of incorporation by and under which they claim their authority to perform their several duties is inoperative, null and void, in that the third section of said act is contradictory of the fifteenth section of said act, and by reason of such contradiction the will of the legislature can not be ascertained;" and "there is no valid law by which any election could be held in said town for the election of any officers to fill any office created by said act of incorporation."

The defendants filed a general demurrer to the petition and also a joint answer thereto.　To this answer the plaintiffs demurred on the grounds, (1) that "the facts set out therein were not verified on oath," and (2) that the defendants "did not set up by their answer such a statement of facts as put their right beyond dispute." On the hearing of the case in the court below, his honor held that "said answer had all the requisites that the law required," and declined to grant the plaintiffs' petition, on the ground that they "were not the proper persons" to apply for a writ of quo warranto.

1. The reason upon which his honor based his refusal to entertain the complaint of the plaintiffs can not be accepted as a good and sufficient one.　It is to be noted that they instituted the proceeding in their capacity as "residents and citizens of the town of Jeffersonville," and they had a right, as such, to maintain it, provided they showed cause for the granting of the writ sought.　"Every citizen of a town has an interest in its municipal offices which will support a quo warranto proceeding to test the right of incumbents thereto."　*Churchill* v. *Walker*, 68 *Ga.* 681, cited approvingly and followed in *Davis* v. *City Council*, 90 *Ga.* 817, 821, and in *Crovatt* v. *Mason*, 101 *Ga.* 247, 258.　Of course, it would not follow that if Califf should be found to be disqualified and removed from office on the ground that he had not been a resident of the

town for a sufficient period prior to the election, the candidate who received the next highest number of votes would be entitled to the office (*Crovatt's* case, supra); but the statement by the plaintiffs of their erroneous conclusion of law with respect to this matter in no way affected their right, as citizens, to have Califf declared incompetent to serve, if he was so in point of fact. Aside from the question of parties, the plaintiffs' petition was unquestionably capable of withstanding a general demurrer. Section 11 of the act above cited expressly makes provision that " no person shall be elected or hold the office of mayor or councilman except such persons as are qualified by the laws of Georgia for representative in the General Assembly and who have resided in said town one year next preceding the date of election." Therefore, unless Califf had resided in Jeffersonville at least one year prior to the election at which he offered himself as a candidate, he would, as matter of law, be ineligible to hold office.

2. As to the alleged disqualification of the other members of council, the plaintiffs' petition failed to present any question upon which his honor below could properly undertake to pass. The bare assertion that the act of incorporation " is inoperative, null and void, in that the third section of said act is contradictory of the fifteenth section of said act," and therefore " the will of the legislature can not be ascertained," is entirely too vague, indefinite, and uncertain to be regarded as furnishing more than a clew to what was in the mind of the pleader. Wherein the contradiction between these two sections exists, or with reference to what, is not stated. The pleader should have pointed out with more particularity the conflicting provisions (if any) upon which he relied as warranting an attack upon the act on the ground that it was inoperative and void for the reason that the legislative will could not be therefrom ascertained.

3, 4. We assume, purely as a matter of conjecture, that counsel for the plaintiffs had in view their undisclosed objection to the act of incorporation when they urged against the defendants' answer the criticism that it did not set up " such a statement of facts as put their right beyond dispute." It doubtless would have been impossible for the defendants to frame an answer coming up to this remarkably high standard of excellence; but be this as it may, the answer filed was clearly sufficient to withstand the equivocal and

uncertain attack made upon it by the anything but specific objection just noted. It is essential that where the defendants named in an application for a writ of quo warranto wish to make a denial of the allegations of fact upon which the application is based, they should make such denial on oath. Civil Code, § 4880. And as their denial must be positive and unequivocal, an answer is not generally to be deemed properly verified when supported only by an affidavit to the effect that the facts therein set forth are true, so far as they depend on the knowledge and belief of the defendants, and in so far as such facts depend on the knowledge and information of others, the defendants believe them to be true. See *Bailey* v. *Bailey*, 90 *Ga.* 435; *Sasser* v. *Olliff*, 91 *Ga.* 84. This is so for the obvious reason that it is impossible to determine, from an answer drawn up in the usual manner, what allegations of fact are covered, or intended to be covered, by an affidavit which does not undertake to positively verify all the statements contained in the answer or point out what particular facts rest within the personal knowledge of the affiant or affiants. In the present instance, however, we think the answer was sufficiently verified, so far as Califf was concerned. It was supported by an affidavit, signed by all the defendants, whereby they made oath that all the statements therein contained were true, so far as came " within their own knowledge," and "so far as derived from the information of others," they believed them to be true. As has been seen, the only ground upon which the plaintiffs relied as furnishing a reason for calling into question the right of the defendants other than Califf to hold office was that the act of incorporation was "inoperative, null and void," for some unexplained and undisclosed objection thereto; and accordingly, it was not incumbent upon them to make any answer at all to this vague suggestion that they should not be permitted to serve the public in their capacity as office-holders. So we need not consider whether the answer was or was not, as to the facts upon which they relied, sufficiently verified. While Califf joined with them in this answer, he therein set up the following separate and special defense: " Defendant J. P. Califf denies that he is ineligible to hold said office of councilman, as alleged in plaintiffs' information, and says in answer thereto that for more than twelve months next preceding said election he had been a citizen of the United States, the county of Twiggs, State of Georgia, residing within

the corporate limits of the town of Jeffersonville." Certainly the time of his residence in that town was a matter within his own personal knowledge, and it must have been his intention to allege he knew whereof he was speaking in making denial of the plaintiffs' charge of ineligibility on the ground set forth in their petition. It is equally clear that in making oath to the facts resting within his own knowledge he undertook to swear positively to the truth of the statements set forth in his special defense. To say this portion of the answer was not properly verified would be "sticking in the bark." Perhaps it would have been better practice for Califf to have filed an independent answer; but no suggestion on this line seems to have been made to him by the plaintiffs on the hearing below.          *Judgment reversed. All the Justices concur.*