### WHITE et al. v. MAYOR AND COUNCIL OF FORSYTH et al.

ATKINSON, J. 1. Where by act of the legislature the corporate limits of Forsyth were so fixed as to include a circle with a radius of one half mile, and subsequently an act was passed, the title of which was "An act to extend the corporate limits of the City of Forsyth one half mile in all directions in a straight line from the present limits of said city, and for other purposes," and the body of the act declared that the corporate limits were extended "one half mile in all directions from the present limits of said city, thereby enlarging the radius of said city to one mile in every direction from the center of the court-house of Monroe county, instead of one half mile as it now exists," such act was not void as being in conflict with the clause of the constitution which declares that "No law, or section of the code, shall be amended or repealed by mere reference to its title, or to the number of the section

48

of the code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made." *Smith* v. *Mayor and Council of Macon,* 129 *Ga.* 227 (58 S. E. 713); *Burge* v. *Mangum,* 134 *Ga.* 307 (67 S. E. 857).

2. Whether or not a local act has been duly published in the manner prescribed by the constitution, before its introduction in the General Assembly, is a legislative question, and not one for the investigation of which the courts will go behind the passage and approval of the act. *Clark* v. *Eve,* 134 *Ga.* 788 (3), 789 (68 S. E. 598).

3. The legislature has authority to extend the limits of a municipal corporation so as to include therein additional adjacent territory. If this is done, it furnishes no ground for attack upon the act that the inhabitants of the added territory or owners of property therein will be subject to taxation on account of municipal improvements in the old territory previously made, or that it is inequitable to include them in the corporate limits or tax them or their property like other inhabitants of the city, because the new territory is not at once as fully supplied with municipal improvements and conveniences as that within the original limits. Such an act does not deny to the inhabitants of the new territory the equal protection of the laws. *White* v. *City of Atlanta,* 134 *Ga.* 532 (68 S. E. 103).

4. Primarily, where not controlled by special provision of law, it is for the governing body of a municipal corporation, in the exercise of a wise discretion, to give direction to the placing of municipal improvements and conveniences, having in view the necessity therefor, the income of the municipality, the location and character of the property, and the other facts throwing light upon the propriety of making a particular improvement at a given time.

(*a*) In so far as the plaintiffs attacked the action of the municipal authorities as an abuse of discretion, or as wanting in good faith, or as being in violation of their duty, the determination of the presiding judge upon the issues of fact was authorized by the evidence.

5. The title of the act of December 18, 1902 (Acts 1902, p. 427), was "An act to consolidate and to codify the various acts incorporating the City of Forsyth, in the county of Monroe, and the various acts amendatory thereof; to enlarge by providing additional powers and authority therein; to more specifically define and fix the duties of the various officers of said city and their compensation, and for other purposes." In this act frequent references were made in general terms to the limits of the city, recognizing that they had previously been established, but there was no express declaration of what such limits were, either fixing or changing them. By the act of August 19, 1907 (Acts 1907, p. 649), to which reference has been made in the first headnote, the limits were so extended as to include a territory having a radius of one mile from the court-house. The act of August 14, 1909 (Acts 1909, p. 897), was entitled "An act to amend an act approved December 18, 1902, being an act to codify the various acts incorporating the City of Forsyth, and an act amendatory thereof, approved August 19, 1907, and for other purposes." By the third section of that act the third section of the act of 1907 was stricken, and a provision inserted in lieu thereof. *Held,*

that neither the act of 1909 as a whole, nor the third section thereof, was 'invalid as being in conflict with article 3, section 7, paragraph 8, of the constitution, which declares that "No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof."

(a) The act of 1907 made a change in the corporate limits. The act of 1909, in so far as it amended the act of 1907, was not invalid on the ground that its title described it as an act to amend the act of December 18, 1902, being an act to codify the various acts incorporating the City of Forsyth, "and an act amendatory thereof, approved August 19, 1907, and for other purposes." The words, "amendatory thereof," in connection with the date of the approval of the act of 1907, did not constitute such a misdescription of that act as to render the act of 1909 ineffectual to amend it.

(b) Nothing here decided conflicts with the ruling in *Blair* v. *State*, 90 *Ga.* 326 (17 S. E. 96, 35 Am. St. R. 206), where it was held that an act entitled "An act to create a new charter for the City of Columbus and to consolidate and declare the rights and powers of said corporation, and for other purposes," was unconstitutional in so far as it sought to create a police district outside the City of Columbus, including all lands within the State lying within a mile and a half of any point of the corporate limits, and to confer on the municipal government of the city certain specified powers and authority in such district, such as the regulation of the sale of liquors and the granting of licenses therefor, the enforcement of the municipal ordinances with reference to offenses relative to property, public peace, public morality, cheats, swindlers, offenses against public trade, fraudulent or malicious mischief, etc., on the ground that such provisions were not covered by the title.

(c) Nor is the present decision in conflict with that in *Town of Maysville* v. *Smith*, 132 *Ga.* 316 (64 S. E. 131), nor with any of the decisions cited and relied upon by plaintiffs in error.

6. The title of the act of August 14, 1909, which is "an act to amend an act approved December 18, 1902, being an act to codify the various acts incorporating the City of Forsyth . . and for other purposes," is sufficiently broad to cover a provision conferring power on the municipality to exercise the right of eminent domain. The conferring of such power is not so distinct a subject-matter from the grant of other municipal powers, germane to the general subject, as to render the act invalid as containing two subject-matters.

(a) If any special provision of the act 'in regard to the grant of the right of eminent domain or its extent is subject to objection, it would apparently not render the whole act void, as the legislative scheme of incorporation would not be materially affected by the omission of such provision.

(b) Nor was the inclusion in the act of 1909 of a provision extending the corporate limits a subject-matter distinct and different from the balance of the act, so that it could not be included without rendering the act unconstitutional. The prohibition against the passage of an act which refers to more than one subject-matter is not identical with that against the passage of an act which contains matter different from

that which is expressed in the title. The latter point has already been considered.

7. The third section of the act of August 14, 1909, does not prevent the mayor and aldermen of the City of Forsyth from extending water-mains, sewers, or electric lines along the streets of the newly added territory under their general authority, either upon their own motion or upon application of one or more of the citizens; nor does it make such extension dependent upon the joining of five property owners on the street in a petition for such extension. Without destroying the general power of the governing body of the city in regard to such matters, it gave an additional right whereby, upon the petition of as many as five property owners on the street asking for such extension of the water-mains, sewers, or electric lines on such street where they did not exist, it was the duty of the mayor and aldermen to make such extension within one year, and upon their refusal so to do owners of property on the street were declared to be exempt from taxation for the support of water-mains, sewers, or electric lights until the privileges were granted; provided such property owners obligated themselves to become users of the improvements so extended. The plaintiffs are inhabitants or property owners of the new territory upon whom the act seeks to confer the additional privilege.

(*a*) Accordingly, the third section of the act of August 14, 1909, was not unconstitutional on the ground that it deprived the plaintiffs of due process of law or the equal protection of the laws.

8. The point argued in the brief, that the second section of the act of 1907 was not covered by the title of the act, is not distinctly made in the record. If that section were invalid, it would not destroy the entire act.

9. Neither is there any distinct point raised in the record that the third section of the act of 1909 is in violation of the clause of the State constitution which requires uniformity of taxation. Were it otherwise, the plaintiffs allege themselves to be persons owning property in the newly added territory, and to be without the advantages of water-mains, sewers, or electric lights. If the exemption from taxation on failure of the mayor and aldermen to make such improvements on the presentation of a specified petition would render that section of the act violative of the uniformity clause of the State constitution, it would seem not to be so adverse to the plaintiffs as to furnish any ground of complaint by them; and it is not alleged that any persons other than the plaintiffs have in fact obtained exemption from taxation by the means therein indicated, or are proceeding to do so.

10. No provision of the charter of Forsyth has been cited which requires the ad valorem tax on property to be assessed and levied in separate items for different purposes. Nor is it made to appear that there was a violation by the municipal authorities of any special provision of a general law on that subject. Moreover, the answer avers that the amount necessary for each purpose was first determined, and the aggregate was levied in a gross per cent. on the assessed valuation of property.

11. If it be held that the 17th, 18th, and 19th sections of the act of December 18th, 1902 (Acts 1902, p. 427), fail to sufficiently provide for

notice to the taxpayer and opportunity for him to be heard, sections 1 and 5 of the act of August 13, 1910 (Acts 1910, p. 25), make provision for such cases.

(a) No complaint was made that the act of 1910 was not complied with, or that the plaintiffs did not in fact have notice. The answer alleged that notice of the assessment was sent to every taxpayer, and that a number of the plaintiffs actually appeared and obtained reductions of the assessments against them to the amounts which they claimed to be proper, and that one of the plaintiffs paid the taxes assessed against her, prior to the filing of the petition, and the making of such reductions was admitted by the plaintiffs.

12. Upon a consideration of the entire case, both upon the law and the evidence, there was no abuse of discretion in refusing to grant the injunction sought.      *Judgment affirmed. All the Justices concur.*

OCTOBER 2, 1912.

Petition for injunction. Before Judge Daniel. Monroe superior court. October 21, 1911.

*Robert L. Berner* and *Fletcher & Zellner,* for plaintiffs.

*Willingham & Willingham* and *Bloodworth & Bloodworth,* for defendants.