## PERRY et al. v. BAGGETT, tax-collector.

Where three school districts were consolidated into one school district and this new district retained the name of one of the former districts, in which an election had been held authorizing a local tax levy in the district for the support and maintenance of the common schools therein,. but no such tax had been authorized in the other two districts which became parts of the new consolidated district, the tax referred to for the purposes stated could not be levied and collected on the property in the new district until authorized at an election duly called and held.

No. 5793.    APRIL 15, 1927.

Petition for injunction. Before Judge Camp. Laurens superior court. December 18, 1926.

Nathan Perry and others, alleging that they were property owners, taxpayers, and residents of the County of Laurens, filed their petition in the superior court of Laurens County, seeking to enjoin the tax-collector from issuing tax executions and collecting them from citizens who resided or owned property in the Poplar Springs school district, one of the districts organized and existing under the laws of Georgia, in Laurens County. They complain that the board of education of Laurens County levied a county-wide tax of five mills on all taxable property, including the property of the complainants, and that the property is located in what is known as the Old Evergreen and New Evergreen school districts adjoining Poplar Springs school district; that neither of these districts is a local tax district, no election ever having been had in either district authorizing the local tax levy for the support and maintenance of the common schools therein, and therefore that the property located in these two school districts is not subject to a local or district tax for the support of local schools; that on September 14, 1926, the board of education of the county recommended to the board of roads and revenues of the county that what is known as the county-wide levy of five mills be made on property of the county for support and maintenance of common schools, and that an additional tax of five mills for local or district schools be levied on the property in the two Evergreen school districts, which levy is illegal for the reason stated. It is admitted that Poplar Springs school district had authorized a levy of an amount not exceeding

Schools and School Districts, 35 Cyc. p. 1034, n. 32; p. 1035, n. 36; p. 1036, n. 38.

Statutes, 36 Cyc. p. 1189, n. 72, 75, 76.

five mills to supplement the general fund, and that Old Evergreen and New Evergreen school districts have never had an election authorizing the levy of a local school tax; that on June 1, 1926, Old Evergreen school district and New Evergreen school district were, by the board of education of Laurens County, consolidated and annexed to Poplar Springs school district, and that before the annexation of the two Evergreen school districts a local school tax election had not been held; and that no election had been held since the annexation in the Poplar Springs school district. It was also admitted that no question was raised as to the legality of the present board of trustees for the districts thus consolidated.

The defendants filed an answer. Upon the hearing a statement of facts was agreed upon by the parties, as follows: "The petitioners are property owners and taxpayers in the Old and New Evergreen school districts. A levy known as county-wide tax of five mills had been levied by the proper authorities of the county for school purposes. Old and New Evergreen school districts have never held an election authorizing a levy of a local school district tax of five mills or any part thereof. That on June 1, 1926, Old Evergreen and New Evergreen school districts were, by the board of education of Laurens County, consolidated and annexed to Poplar Springs school district. Poplar Springs school district was, before annexation of Old and New Evergreen school districts, a local school district; an election had been held authorizing the levy for local tax in Poplar Springs district prior to the annexation of Old and New Evergreen districts. No election was ever held for local tax since the consolidation of Old and New Evergreen districts with Poplar Springs district. The levy of the five mills complained against was made by virtue of the election that was held in Poplar Springs district prior to said consolidation and annexation, and is made on all property in said consolidated district after said annexation. No question is raised as to the legality of the present board of trustees for the districts thus consolidated. That since June 1, 1926, there has been no election for trustees in the district as consolidated, but the old trustees of Poplar Springs school district are still in office functioning as trustees. The board of education of Laurens County did call an election for trustees in the consolidated district to be had on November 26, 1926, but no one attended the election. The elec-

tion was not held, because nobody attended. Several days before June 1, 1926, every patron who patronized the schools in Old and New Evergreen districts were each given actual notice that a request would be made at the June regular session of the board of education of the county to annex Old and New Evergreen school districts to Poplar Springs school district. There are only thirteen patrons of the schools in Old and New Evergreen school districts; nine out of the thirteen signed a request to the board of education to annex Old and New Evergreen school districts to Poplar Springs school district. No objection was filed or made to the board of education to the proposed consolidation and annexation of the districts." The court refused an injunction, and to this judgment the petitioners excepted.

*E. L. Stephens,* for plaintiffs. *J. S. Adams,* for defendant.

BECK, P. J. (After stating the foregoing facts.) Under the law, a tax in addition to that levied by the county, not to exceed five mills, is made permissible in school districts, on a two-thirds vote of those voting in an election called for the purpose of determining whether such tax shall be levied. *Smith* v. *Tolbert,* 160 *Ga.* 268 (127 S. E. 868). At an election held in the Poplar Springs district prior to its consolidation with the two Evergreen districts the additional tax had been authorized in the first-named district, but no election to determine whether such tax should be levied in the two Evergreen school districts had been held, as provided by law. In the statement of facts agreed upon by the parties it is stated that "Old Evergreen and New Evergreen school districts were, by the board of education of Laurens County, consolidated and annexed to Poplar Springs school district; that Poplar Springs school district was, before the annexation of Old and New Evergreen school districts, a local school district; an election had been held authorizing the levy for local tax in Poplar Springs district prior to the annexation of Old and New Evergreen districts." While the language used in this agreed statement of facts states in substance that the Evergreen districts were annexed to the Poplar Springs district, we are of the opinion that this was a consolidation of the three districts, that it was not a mere addition of territory taken from the Evergreen districts to the Poplar Springs district, though the new district retained the name of Poplar Springs. If, in fact and under the law, Poplar

Springs district as it then existed had been enlarged by the addition of a part of the two Evergreen districts, the new territory would become a part of the Poplar Springs district without destroying the entity of the latter district as it then existed. But we are of the opinion that when two or more districts are consolidated into one district, a new entity is created. In 8 Park's Code Supp. § 1437(q), it is provided, that, "Whenever in the opinion of the county board of education the best interests of the school demand, the board of education shall have the right to consolidate two or more districts or parts of districts, or to add any part of one district to any other district, or to change the line or lines of any district at any time, when in their judgment the best interests of the schools require such change." Provision is made in this section for the addition of any part of one district to any other district. But when two districts are joined together, it is a consolidation of the districts; and where there is consolidation of two districts, the districts as they existed before cease. The actual union of the Evergreen districts and the Poplar Springs district was not merely an addition of the territory in the Evergreen districts to the Poplar Springs district, but it was a consolidation of the three districts. Why should the status of one of these districts, with reference to the question of taxation, be applied to the new consolidated district rather than the status of the other two districts? Counsel for defendants in their argument before the court contend that "The Poplar Springs school district is the same district that existed prior to the annexation, and when the two districts were annexed it did not form or constitute a new district already existing; and therefore the contention of the defendant that the same law governing the Poplar Springs school district governs the district as it is now constituted; and if the Poplar Springs school district had a right to tax the property located therein for the support and maintenance of its schools, it did not lose that right to tax property located in annexed territory because of the annexation, nor was it necessary to call in any district in which one had already been held and the tax proposition voted upon. No election could be held in the two Evergreen school districts, because they do not now exist. Therefore, if property located in the two districts is not subject to taxes now, it never will be, because there could never be an election held to

determine that question. There could be none held in the Old Poplar Springs school district, because it has already been held. There could be none held in the new territory annexed, because that district does not now exist. It was abolished and was done away with. It went out of existence when it was annexed to and became a part of Poplar Springs school district." It will be observed that in this argument counsel assert, "No election could be held in the two Evergreen school districts, because they do not now exist." But if this joining of the three districts was a consolidation, does the Old Poplar Springs district exist? That a new district made up of the three districts came into existence upon the consolidation is indicated by that part of § 1437(o) of 8 Park's Code Supp., where it is said, that, "Whenever two or more schools are consolidated as hereinafter provided, the county superintendent shall call an election of trustees for said consolidated schools from the district or districts concerned." It may be that Old Poplar Springs district had a much larger number of patrons than either of the Evergreen districts, or than both of the Evergreen districts combined; but this did not cause the two Evergreen districts to be absorbed into the Poplar Springs district any more than it caused the last named district to be absorbed into the other two districts. The question is not free from difficulty. Strong arguments are made both ways; but if they were equally balanced in force, we must be inclined to the conclusion that we have announced, by a consideration of the principle that "Statutes levying duties or taxes upon subjects or citizens are to be construed most strongly against the government and in favor of the citizens, and their provisions are not to be extended, by implication, beyond the clear import of the language used." *Standard Oil Co.* v. *Swanson*, 121 *Ga.* 414 (49 S. E. 262).

Our attention is called to the cases of *Cash* v. *Douglasville*, 94 *Ga.* 557 (20 S. E. 438), *Toney* v. *Macon*, 119 *Ga.* 85 (46 S. E. 80), *White* v. *Atlanta*, 134 *Ga.* 532 (68 S. E. 103), and *White* v. *Forsyth*, 138 *Ga.* 754 (76 S. E. 58). In the first of these cases it was ruled: "In chartering a town or amending its charter, the legislature may give such extent and boundaries to the incorporated territory as it may choose, and all the inhabitants and their property within the corporate limits so fixed are alike subject to taxation to raise municipal revenue for all legitimate purposes, with-

out respect to the time when some of the liabilities arose to which the revenue is to be applied. Thus, binding debts of the corporation contracted before the limits were extended, unless otherwise provided in the new or amended charter, are chargeable upon the territory added, as well as upon that comprehended by the boundaries before they were altered and extended." And this ruling is followed in the other cases cited. We do not think, however, that the principle is identical, as counsel for defendants in error contends. In those cases the municipality undoubtedly continued to exist as it was before; the entity was not changed; it was merely an addition of territory to the municipality. If in the present case a part of another school district had been added to the Poplar Springs district, this ruling might be applicable. In the case of *Fordham* v. *Sikes,* 141 *Ga.* 469 (81 S. E. 208), it was said: "Where, in accordance with the provision of the constitution (art. 8, sec. 4, par. 1), an election had been held in a county to determine the question of levying a tax for school purposes, which resulted in favor of such tax, and it had been levied accordingly for several years, and where, by constitutional amendment, a new county was created from a part of the territory of the old one, this did not authorize the authorities in the new county to levy a tax for school purposes without a submission of the question to the voters thereof." We do not insist that the facts involved in the case last referred to are completely analogous to the situation presented by this record, but it is more nearly analogous to the present case than the facts set forth in *Cash* v. *Douglasville,* supra, and the other cases referred to which followed that case. The territory embraced in the County of Wheeler was taken entirely from the territory of Montgomery County, and in the latter county an election had been held to determine the question of levying a tax for school purposes, and this election resulted in favor of such tax, and this law was applicable, consequently, in all the territory of the new County of Wheeler, which was cut off from Montgomery County subsequently to the election authorizing the tax. But when Wheeler County was created it became a new county; and it was held that the authorities of the new county could not levy a tax for school purposes without a submission of the question to the voters thereof. We have therefore concluded that the court erred in refusing an injunction.

*Judgment reversed. All the Justices concur.*