TOWNS *et al. v.* WORKMORE PUBLIC SCHOOL DISTRICT
*et al.*

Under the ruling of this court in *Perry* v. *Baggett*, 164 *Ga.* 143, which this court declines to review and overrule as requested, it was error to refuse to enjoin the levy of tax fi. fas. for the collection of an additional tax of two mills for the maintenance of the consolidated school, when the same had not been submitted to a vote of the taxpayers of the consolidated school district; and also error to refuse to enjoin the levy of tax fi. fas. for five mills upon taxpayers of the territory formerly embraced in Union Grove school district, to raise a sinking-fund and pay the interest upon a bonded debt of Workmore school district, it appearing that said bonded debt was created and validated before Union Grove district was consolidated therewith.

No. 6125.   APRIL 12, 1928.

Petition for injunction. Before Judge Graham. Telfair superior court. June 2, 1927.

*W. B. Smith* and *B. J. Reid,* for plaintiffs.

*W. S. Mann,* for defendants.

RUSSELL, C. J.  This case was tried under an agreed statement

of facts; and all issues raised by the pleadings, except two, were eliminated and the questions involved reduced to two. First: Can a tax be levied and collected in Workmore school district as it now exists with Union Grove school district added to it, including the territory of Union Grove school district, to supplement the public-school funds, without another election for such local tax? Second: Can a local tax be levied and collected on the taxpayers in the territory of the old Union Grove school district, to pay the interest on the bonds and provide a sinking-fund on the bonds of the Workmore school district, since the addition of Union Grove school district to Workmore school district? It appears from the agreed facts that Workmore school district in Telfair County, which was created by a consolidation of Sunshine, Macedonia, and Enterprise school districts, had issued bonds and erected a commodious and thoroughly modern brick schoolhouse. After its consolidation Workmore district had also adopted a district-school tax of five mills for the maintenance of the school. Subsequently, in response to a petition the county board of education of Telfair County entered an order consolidating Union Grove school district with Workmore district. Some of the patrons of the school in the Union Grove district filed a protest. The board of education called and held an election, in which a large majority voted in favor of the consolidation and the addition of Union Grove school district to Workmore consolidated district. Prior to the consolidation Union Grove district had voted local taxation to the amount of five mills. The issue now presented is raised because after the consolidation a tax was levied on the property of the entire Workmore school district as consolidated, including the territory of the former Union Grove school district, of two mills to supplement the school funds and five mills to pay the interest and to provide a sinking-fund on the bonds. The plaintiffs applied for an injunction to restrain the levy of this tax upon property situated in Union Grove district. The trial court refused the injunction, and the exception is to that judgment.

The facts in the present case are practically identical with those dealt with by this court in the case of *Perry* v. *Baggett,* 164 *Ga.* 143 (137 S. E. 766), except that in that case the only issue was as to taxes levied in the Evergreen district in Laurens County which had been added to Poplar Springs consolidated district, whereas in the present case there has also been levied a tax to pay the interest

upon bonds issued by Workmore district previously to the consolidation and the incorporation of Union Grove school district into the Workmore consolidated school district. The decision in the present case is controlled by the ruling in the *Perry* case, where all of the arguments raised by the defendants in error in the present case were presented and answered by Mr. Presiding Justice Beck. A request is made that the *Perry* case be reviewed and overruled. We decline the request. The reasons which influenced the court in the *Perry* case should be even more potent in the present case, which involves the imposition upon the taxpayers of Union Grove district of assuming the payment of interest and a sinking-fund upon bonds issued prior to the incorporation of the Union Grove district into Workmore consolidated school district. In the *Perry* case this court drew the distinction which differentiates the liability of citizens incorporated into a city or town having governmental functions and a school district created merely for one purpose—that of education. In addition to what was said by the court at that time ·there· are other reasons why the pre-existing bonded indebtedness of Workmore district imposed no liability upon taxpayers of Union Grove district. The judgment upon a petition for validation of bonds is conclusive. Civil Code (1910), § 448. Under the provisions of the constitution, which require that at or before the issuance of any bonds imposing liability upon the taxpayers there shall be provision made for the levy of a tax sufficient to pay the interest and provide a sinking-fund, there is a conclusive presumption of law that provision had already been made for the payment by the taxpayers of Workmore school district, before Union Grove asked to be consolidated therewith, for the raising of the sinking-fund and the payment of all the interest. The law will not allow this presumption to be inquired into or contradicted. If it were otherwise, the purpose of the validation, which is to give absolute security to the purchasers of these obligations, would be defeated. It is a primal principle of American government that taxation can not be imposed upon the citizen without his consent. There has been no election in that portion of the present Workmore district which was formerly Union Grove district, and the taxpayers in the latter can not have taken from them a contribution to an enterprise, no matter how benevolent in its purposes or beneficial in its result, without the consent of two thirds of the qualified voters of that territory.

Since art. 7, sec. 7, par. 2, of the constitution provides that "any county, municipal corporation, or political division of this State, which shall incur any bonded indebtedness under the provisions of this constitution, shall, at or before the time of so doing, provide for the assessment and collection of an annual tax, sufficient in amount to pay the principal and interest of said debt within thirty years from the date of the incurring of said indebtedness," it can not be presumed that in the issuance of the bonds in this case provision for the payment of the indebtedness had not been made before the addition of the territory embraced in Union Grove district. That question was concluded by the judgment of validation. The debt was incurred without participation of Union Grove district; it must be borne by those who assumed it. The court erred in refusing the injunction prayed for.

*Judgment reversed. All the Justices concur.*