BARBER, tax-collector, *v.* CUMMINGS & SONS.

No. 6473. NOVEMBER 15, 1928.

*J. T. Goree* and *R. L. Cox,* for plaintiff in error.

*A. H. Gray,* contra.

BECK, P. J. (After stating the foregoing facts.) The court properly granted an injunction against the collection of so much of the tax levy complained of as is in excess of the sum of 2.18 mills on the dollar; that is, enjoined the tax levy in so far as the same applies to the territory which is embraced in what was originally Hammock Springs School District at the time of its consolidation with Donalsonville School District No. 13. This is not a case where a part of the territory of one school district is cut off and added to another school district, but two school districts were consolidated. One of them had, prior to the consolida-

tion, created a bonded indebtedness for the purpose of raising funds with which to build a schoolhouse; and we are of the opinion that the court properly held that for this debt which had been created by the Donalsonville School District No. 13 prior to the date of its consolidation with the Hammock Springs School District could not be made a charge upon the property in the Hammock Springs School District. When these two districts were consolidated, an entirely new unit or entity was created, and the residents and property owners of the Hammock Springs School District had had no voice in the creation of the debt which had been incurred by the Donalsonville School District No. 13 prior to the consolidation. In *Perry* v. *Baggett,* 164 *Ga.* 143 (137 S. E. 766), it was said: "Where three school districts were consolidated into one school district, and this new district retained the name of one of the former districts, in which an election had been held authorizing a local tax levy in the district for the support and maintenance of the common schools therein, but no such tax had been authorized in the other two districts which became parts of the new consolidated district, the tax referred to for the purposes stated could not be levied and collected on the property in the new district until authorized at an election duly called and held." In their brief counsel for the plaintiff in error insist that the ruling in the case referred to could not apply to the instant case, for two reasons: "First: Because it refers to the levying of a local tax for the support and maintenance of schools, and the benefit of the tax money to be collected is not permanent and lasting, but is for the maintenance of the school year by year. Taxes for that purpose are raised from year to year, and the authority for the levy must be voted by the people. Second: Because, in the case above, the other two districts had never voted a local tax levy, while in the case at bar a local tax levy had been voted in both of the districts prior to the consolidation."

There is a difference in the facts of the two cases, but the difference is not of such a character as to render the ruling there made inapplicable, as is shown by the reasoning in that case. In the opinion it was said: "Our attention is called to the cases of *Cash* v. *Douglasville,* 94 *Ga.* 557 (20 S. E. 438), *Toney* v. *Macon,* 119 *Ga.* 85 (46 S. E. 80), *While* v. *Atlanta,* 134 *Ga.* 532 (68 S. E. 103), and *White* v. *Forsyth,* 138 *Ga.* 754 (76 S. E. 58). In the

first of these cases it was ruled: ' In chartering a town or amending its charter, the legislature may give such extent and boundaries to the incorporated territory as it may choose, and all the inhabitants and their property within the corporate limits so fixed are alike subject to taxation to raise municipal revenue for all legitimate purposes, without respect to the time when some of the liabilities arose to which the revenue is to be applied. Thus, binding debts of the corporation contracted before the limits were extended, unless otherwise provided in the new or amended charter, are chargeable upon the territory added, as well as upon that comprehended by the boundaries before they were altered and extended.' And this ruling is followed in the other cases cited. We do not think, however, that the principle is identical, as counsel for defendants in error contends. In those cases the municipality undoubtedly continued to exist as it was before; the entity was not changed; it was merely an addition of territory to the municipality. If in the present case a part of another school district had been added to the Poplar Springs district, this ruling might be applicable." See also *Towns* v. *Workmore Public School District*, 166 *Ga.* 393 (142 S. E. 877). Of course, we realize that there is ground in this case which apparently makes a basis for strong equitable claims in favor of the Donalsonville School District, inasmuch as the schoolhouse for which the bonded indebtedness was created before the consolidation of the two districts will be used for school purposes by the entire consolidated district. Nevertheless we do not think that any part of this debt can be imposed upon the Hammock Springs School District. The residents and taxpayers of the latter district have never voted for the creation of the bonded indebtedness, and the territory of their district is not merely added to the territory of the former district, but is consolidated with it to make a new district entity.

*Judgment. affirmed. All the Justices concur.*