*J. C. Webb, W. W. Dykes,* and *B. P. Jackson,* for plaintiff in error.

*G. W. Lankford* and *W. T. Burkhalter,* contra.

BOND, tax-commissioner, *et al. v.* PATTILLO *et al.*

ATKINSON, J. 1. "Owners of land in a school district wherein was held an election resulting favorably to an issue of bonds for building a schoolhouse, which bonds were duly validated and sold, were not entitled to an injunction to prevent enforcement of executions to collect taxes duly levied for interest and sinking-fund of the bonds." *Brakefield* v. *Jarrell,* 168 *Ga.* 502 (148 S. E. 273). See *Towns* v. *Workmore School District,* 166 *Ga.* 393 (142 S. E. 877).

2. Where the taxation is for a bonded school indebtedness, the right to tax extends to real estate which was taxable as such at the time the indebtedness was contracted, although it is subsequently transferred to another district by legislative act. 35 Cyc. 1036. See *Barber* v. *Cummings,* 167 *Ga.* 289 (145 S. E. 443).

3. Applying the foregoing principles to the facts of this case, it is held that the territory which was originally in the Ingleside School District when the school bonds were voted for the purpose of building the Ingleside schoolhouse, which bonds were duly validated and sold for that purpose by the Ingleside School District, is taxable for the purpose of paying interest and sinking-fund on the bonds so issued and sold, although such territory was subsequently cut off from the Ingleside School District by an act of the legislature and annexed to the municipality of Decatur.

4. Consequently the court erred in passing the following order on the trial of the case: "It is ordered and adjudged that the prayers of the plaintiffs be and the same are hereby granted to the extent that the defendants, Ingleside School District No. 17 and its officers, agents, servants, and employees, and the defendants, B. S. Forkner, C. L. Allgood, and M. C. Farrar, as trustees and officers of said school district, and their successors in office, and the said W. H. Bond as tax-commissioner of said County of DeKalb, and his agents and assistants, and the said W. M. Rainey as county superintendent of schools, and the said county commissioner, are each and all enjoined and restrained from collecting the taxes complained of in said petition, and are each and all restrained and enjoined from placing said property of the petitioners upon the special tax digest to be taxed for school purposes. This order and decree is final in its nature and the injunction permanent."

5. In view of the foregoing ruling, it is unnecessary to rule upon the following portion of the court's order, to wit, "The court holds that the City of Decatur is not required to assume any part of the bonded indebtedness." *Judgment reversed. All the Justices concur.*

No. 8424. MARCH 5, 1932.

*B. H. Burgess,* for plaintiffs in error.

*Carl T. Hudgins, P. K. Burns,* and *John W. Weekes,* contra.