HUIE *et al.* v. MORRIS, tax-commissioner.

ATKINSON, J. A county was regularly laid off into school districts. In each district a school tax was voted. In one of the districts, after an election, bonds were regularly validated and issued for the purpose of building a schoolhouse. Subsequently that district was regularly 'consolidated with another district. After the consolidation bonds were regularly validated after an election in the consolidated district, and issued for the purpose of building another schoolhouse. Subsequently the consolidated district was consolidated with a third district. Litigation arose over this consolidation of districts; and about one year later the county authorities dissolved the last consolidation, and divided the territory composing the third district, adding a part thereof to the first consolidated district, and other parts to other districts. Subsequently to this, certain taxpayers and residents of that part of the third district which had been added to the consolidated district instituted an action to enjoin levying a tax to pay interest and provide for a sinking-fund to pay the bonds on their property located in said part of the territory which was formerly in the third district, on the ground that an election had not been held for issuance of the bonds at which the voters in said territory were afforded an opportunity to vote, and consequently they were not liable to be taxed for that purpose. *Held:*

1. As a general rule, the legislature may so extend the limits of an incorporated municipality as to include adjacent unincorporated territory without submitting the question to the voters, and without the consent of those residing or owning property in the added territory. *Toney* v. *Macon,* 119 *Ga.* 83 (46 S. E. 80). When the limits of a municipal corporation are so extended, all the inhabitants and their property within the limits so fixed are subject to taxation to raise municipal revenue for all legitimate purposes, without respect to the time when some of the liabilities arose. *White* v. *Atlanta,* 134 *Ga.* 532 (5, 6) (68 S. E. 103).

2. Under the power to lay out school districts of the act of 1919 (Ga. L. 1919, pp. 288, 333, sec. 117, called the Code of School Laws), to consolidate schools (sec. 90), to "divide any school district into two or more school districts" (sec. 91), "to consolidate two or more districts or parts of districts, or to add any part of one district to any other district, or to change the line or lines of any district at any time, when in their judgment the best interests of the schools require such change, into one school district, with the purpose of the election of the board of trustees and of the location of the school at some central place" (sec. 92), subject to the referendum therein provided (sec. 92), a county board of education has power to consolidate two or more school districts and subsequently to consolidate with the consolidated district contiguous territory taken from another district. *Stephens* v. *School District*, 154 *Ga.* 275 (3) (114 S. E. 197).

3. If a referendum is not called for as provided in sec. 92, supra, or if called for and at the election the requisite number of votes are cast favoring the consolidation ordered by the county board of education, such consolidation will stand duly authorized.

4. By analogy to the general law as stated in the first division, supra, as a general rule, where a consolidation has occurred and the limits of the consolidated school district have been so extended as to include additional contiguous territory as indicated in the second division, supra, all the inhabitants and their property within the limits so fixed are subject to taxation to raise revenue for all legitimate purposes, without respect to the time when some of the liabilities arose. In the instant case this would extend to taxation for the purposes of paying interest and providing a sinking-fund to pay bonds for erecting the school building prior to the consolidation bringing in the additional territory.

5. In the decisions of this court a distinction has been drawn between the consolidation of entire school districts, treating them as separate entities, and the taking a part of the territory from one school district and adding it to another, and holding that consolidation of entire school districts is an exception to the general rule above stated, and that property in the consolidated school districts which did not issue bonds was not taxable for the purpose of meeting the bonds. *Perry* v. *Baggett*, 164 *Ga.* 143 (137 S. E. 766); *Towns* v. *Workmore Public School District*, 166 *Ga.* 393 (142 S. E. 877); *Barber* v. *Cummings*, 167 *Ga.* 289 (145 S. E. 443). In the case last cited it was held: "1. Where one school district incurs a bonded indebtedness for the purpose of building a schoolhouse, and this district and another district are consolidated so as to form a new consolidated district, the second district, the residents and taxpayers of which have not participated in the creation of the bonded debt, is not liable to pay any part of the debt incurred by the other district prior to the consolidation. 2. This case differs from one in which territory is taken from one district and added to another, where the latter is already liable for a debt. The territory thus added may be liable for its proportionate part of the existing debt." The second ruling means that a case like that under consideration where there was no consolidation of separate entities, but only a part of one school district was added to another, comes within the general rule, and not within the exception, and

564

that the residents and their property in the added territory are subject to the tax.

6. The judge did not err in refusing an injunction.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*

No. 9097.   FEBRUARY 22, 1933.

*William H. Reynolds* and *Mundy & Wright,* for plaintiffs.
*O. J. Coogler,* for defendant.