PAGE *et al. v.* SANSOM, tax-collector.

624

No. 11883.  June 21, 1937.  Rehearing denied July 12, 1937.

**626**

*Mann & Mann,* for plaintiffs. *Hardin & McCamy,* for defendant.

BELL, Justice. 1. By an amendment proposed in 1931 and ratified in 1932, the constitution of this State was made to contain the following provision: "Authority is hereby given to two or more local school districts, any one or more of which may have incurred a bonded indebtedness, to consolidate upon the condition that such bonded indebtedness outstanding shall be assumed by the entire district as consolidated; provided, however, before such consolidation shall become effective, the same shall be approved by the vote of two thirds of the qualified voters of each district affected, at separate elections held for that purpose on the recommendations of the respective boards of trustees." Code, § 2-6901 (Acts 1931, pp. 103, 105, ratified November 8, 1932).

2. While, except for the amendment to the constitution as quoted above, the petition might have been sufficient to state a cause of action, under the rulings in *Perry* v. *Baggett,* 164 *Ga.* 143 (137 S. E. 766), *Towns* v. *Workmore Public School District,* 166 *Ga.* 393 (142 S. E. 877), *Barber* v. *Cummings,* 167 *Ga.* 289 (145 S. E. 443), and *Register* v. *Coller,* 171 *Ga.* 439 (155 S. E. 767), those decisions were rendered before the adoption of the amendment, and therefore are not controlling in the present case.

3. The executions which the plaintiffs sought to enjoin were presumably proceeding lawfully, and the plaintiffs had the burden of showing the contrary. *Hilton* v. *Singletary,* 107 *Ga.* 821 (3) (33 S. E. 715); *Thompson* v. *Selcer,* 142 *Ga.* 809, 812 (83 S. E. 965); *Wright* v. *Southern Ry. Co.,* 146 *Ga.* 581 (7) (91 S. E. 681); *Blalock* v. *Adams,* 154 *Ga.* 326 (3) (114 S. E. 345).

4. With the exception of mere conclusions of law as to the illegality of the consolidation, the petition contained nothing to indicate that the school districts were not consolidated in conformity to the foregoing constitutional provision; and thus it was fatally defective as failing to show any reason why the plaintiffs'

property respectively should not bear its pro rata part of the bonded indebtedness, so far as the matter of consolidation is concerned. *Whitehurst* v. *Jones,* 117 *Ga.* 803 (45 S. E. 49); *Jones* v. *Ezell,* 134 *Ga.* 553 (68 S. E. 303); *Witherow* v. *Board of Drainage Com.,* 155 *Ga.* 476 (5) (117 S. E. 329); 49 C. J. 46, 62, §§ 18, 40. The present case differs on its facts from *Scarborough* v. *Houston,* 179 *Ga.* 194 (175 S. E. 491), where the petition alleged specific facts showing that such constitutional provision was not complied with; and from *Campbell* v. *Burton,* 182 *Ga.* 354 (2) (185 S. E. 323), where the tax was not levied to pay a bonded indebtedness.

5. The fact that the funds derived from the sale of the bonds may have been improperly used by the trustees does not relieve the taxpayers from liability to the innocent bondholders. Code, § 87-305; *Dumas* v. *Rigdon,* 151 *Ga.* 267 (106 S. E. 261).

6. Whether or not the petition otherwise stated cause for an accounting from the trustees, the plaintiffs were not entitled to such relief without making the trustees parties defendant. *Wyche* v. *Green,* 32 *Ga.* 341; *Roberts* v. *Moore,* 136 *Ga.* 790 (3) (72 S. E. 239); *Isom* v. *Nutting,* 153 *Ga.* 682 (113 S. E. 197); *Cowan* v. *Nicholson,* 158 *Ga.* 425 (123 S. E. 681); *Swann* v. *Wright,* 176 *Ga.* 372 (168 S. E. 11).

7. The foregoing rulings dispose of all contentions made in this court by the plaintiffs. The judgment sustaining the demurrer and dismissing the petition was not erroneous for any reason urged. *Judgment affirmed. All the Justices concur.*

ON MOTION FOR REHEARING.

It is insisted that since the consolidation occurred in the year 1935, the tax for that year was retroactive and illegal. To support this contention the movants cite *Moore* v. *Howard,* 181 *Ga.* 605 (183 S. E. 495). That decision has no application to the case at bar. In the first place, the petition here proceeded upon the theory of illegal consolidation, and did not assail the tax or any part of it upon the ground of "retroactiveness." In the next place, the decision cited was based upon an election for local school tax, as distinguished from a tax for the payment of a bonded indebtedness. In the instant case the only tax challenged is a "school bonded tax;" and in view of the amendment to the constitution as ratified on November 8, 1932, providing that districts may by

prescribed elections "consolidate upon the condition that such bonded indebtedness outstanding shall be *assumed* by the entire district as consolidated" (italics ours), a tax levied for such purpose in the year 1935 after a consolidation in the same year, even if retroactive, would not be illegal, as contended by the movants. See, in this connection, *Bass* v. *Columbus*, 30 *Ga.* 845; *Carroll* v. *Wright*, 131 *Ga.* 728 (6) (63 S. E. 260); *Brushaber* v. *Union Pacific Railroad Co.*, 240 U. S. 1, 20 (36 Sup. Ct. 236, 60 L. ed. 493); *Tyee Realty Co.* v. *Anderson*, 240 U. S. 115 (36 Sup. Ct. 281, 60 L. ed. 554); *Lynch* v. *Hornby*, 247 U. S. 339, 343 (38 Sup. Ct. 543, 62 L. ed. 300); *United States* v. *Hudson*, U. S. ( Sup. Ct. , 81 L. ed. 261).

*Rehearing denied. All the Justices concur, except Beck, P. J., absent because of illness.*